UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------X
BETTER HOLDCO, INC.,

          Plaintiff,

- against -

SARAH PIERCE,

          Defendant.
----------------------------------------------------X

Case No:

**NOTICE OF REMOVAL**

Supreme Court of the State of New York,
County of New York,
Index No: 653/744/2022

PLEASE TAKE NOTICE that the above-captioned matter is hereby removed from the Supreme Court of the State of New York, County of New York (the "State Court"), to the United States District Court for the Southern District of New York.

This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Better Holdco, Inc. (hereinafter, "Plaintiff" or 'Better") and Sarah Pierce (hereinafter, "Defendant" or "Pierce"), and the amount alleged to be in controversy exceeds $75,000.00, exclusive of interest and costs.

The bases for removal are set forth below.

<u>General and Procedural Background</u>

1. Plaintiff was highly successful at, and a material contributor to the success of, Better. She was the *de facto* COO, and CEO Garg considered her his Number 2, until after December 1, 2021, when she first made complaint about Garg's illegal defamation of former employees, intended violation of the WARN Act, false and misleading statements to the public, and, specifically, potential investors, including, but not limited to, misrepresentations concerning the potential profitability of the Company; took steps to protect other employees from his retaliatory acts; and made complaint of the retaliatory acts taken against her.

2. As pert of her compensation, Pierce had been awarded various stock options for which she had entered into Stock Option Agreements with Better. In connection with those awards, Pierce was also provided two relevant partial recourse promissory notes (hereinafter, the "Notes").

3. Pierce was improperly terminated on February 4, 2022 in retaliation for, *inter alia*, her legally protected complaints.

4. At that time the two option grants were for 150,000 and 300,000 shares respectively (Total 450,000 shares). The respective loan amounts were $759,000.00 and $1,518,000.00 (Total $2,277,000.00). The respective number of vested shares were 68,750 and 112,500 (Total 181,250 shares). The respective number of unvested shares were 81,250 and 187,500 (Total 268,750 shares). The respective loan values attributable to vested shares were then $347,875.00 and $569,250.00 (Total $917,125.00).

5. The terms of the Notes were clear: the unvested portion of the loan will be paid back via the Company recouping the unvested shares. The Company has repeatedly acknowledged this provision.

6. The Notes also provided that Better only had personal recourse as to 51% of the loans. Which means, given the percentages above that the vested portion of the shares and loans, being less than 49% of the total are non-recourse: "The holder of this Note [Better] will have no personal recourse against Borrower [Pierce] as to any additional indebtedness owing under this Note that exceeds the Recourse Portion (the "Non-Recourse Portion"), including any principal amount in excess of the Recourse Portion under this Note. The holder of this Note's recourse with respect to the Non-Recourse Portion shall be limited only to the Pledged Collateral (as defined in the Pledge Agreement) pursuant to the terms of this Note and the Security

Agreement, and the Company shall have no further recourse against Borrower or any real, personal, tangible or intangible assets of Borrower, with respect to the Non-Recourse Portion."

7. The Notes also provided that, the Due Date in this instance would be 120 days after Pierce's termination.

8. Despite this clear language, in clear breach of the terms of the Agreements, on March 30, 2022, some 65 days before the Due Date, Better wrote to Pierce asserting that her loan had come due and demanding payment for the same.

9. In that same correspondence, Better did offer (a) to repurchase the unvested shares via a cancellation of the related portion of the loan balance; and (b) to repurchase the vested shares in order to settle the loan (the "Offer"). Pierce accepted this Offer.

10. At the time the last agreed upon stock price was $16 per share, leaving the value of the vested portion of Pierce's relevant stock at $2,900,000 well in excess of the $917,125.00 allegedly owed.

11. At the beginning of June, 2022, Pierce filed a notice of claim the ("OSHA Claim") with the Occupational Safety and Health Administration ("OSHA") against Better for retaliation in violation of the Sarbanes-Oxley Act of 2002 ("SOX") (as amended by Dodd-Frank Wall Street Reform and Consumer Protection Act ("Dodd-Frank"), 18 U.S.C. § 1514A; §78U-6(h)(1)(A)(i)-(iii).

12. On or about June 7, 2022, Pierce filed a complaint in the United States District Court, Southern District of New York, against Better, its CEO Vishal Garg, and one of its General Counsels, Nicholas Calamari. That action was assigned case No: 22-CV-04748 (AT) (the "Initial Federal Claim").

13. In that action, Defendants have filed motions to dismiss, and Pierce has opposed

and filed a cross-motion to amend her pleading therein.

14. After the filing of the OSHA Claim and the Initial Federal Claim, Better reneged on its Offer to resolve the Notes.

15. Thereafter, on October 11, 2022, Better filed a Motion for Summary Judgment in Lieu of Complaint in connection with the Notes. A true copy of the motion papers is attached hereto as Exhibits 1 (Summons and Notice of Motion); 2 (Memorandum of Law); 3 (Affidavit in Support); 4 (Exhibit A to Affidavit in Support); 5 (Exhibit B to Affidavit in Support); 6 (Exhibit C to Affidavit in Support); 7 (Rule 35 Disclosure Statement); 8 (Request for Judicial Intervention); and 9 (Addendum to RJI).

16. Better's Motion seeks full personal liability against Ms. Pierce for $2.27 Million in direct contravention of, *inter alia*, its earlier proffer and agreement; its past practice and policies; and the non-recourse elements of the Notes.

17. This removal is being made within thirty days of the filing of the Notice of Motion for Summary Judgment in Lieu of Complaint, and consequently within thirty days of service of the same. (Better filed two affidavits of service in the State proceeding: one alleging service on October 13, 2022 on a co-worker of Pierce and one on October 25, 2022 on Pierce personally (same are attached hereto as Exhibit 10)).

<u>Grounds for Removal</u>

18. Pursuant to 28 U.S.C. § 1441(a), removal is permitted for "an civil action brought in a State court of which the district courts of the United States have original jurisdiction," specifically including diversity actions as per 28 U.S.C. §§ 1332(a) and 1441(b).

<u>Jurisdiction</u>

19. 28 U.S.C. § 1332(a) provides in relevant part that, "district courts shall have

original jurisdiction of all civil actions where the matter in controversy exceeds the sum of value of $75,000, exclusive of interest and costs, and is between…citizens of a State and citizens or subjects of a foreign state."

20. Pierce is an individual domiciled in New Hampshire.

21. Better is a Delaware corporation with its principal place of business in New York.

22. Complete diversity of citizenship exists because Plaintiff is a citizen of a different state than Defendant.

23. The allegations in the Motion for Summary Judgment in Lieu of Complaint seeking damages of $2.27M satisfy the second precondition of §1332(a). See 28 U.S.C. § 1446(c)(2).

24. As such, this Court clearly has subject matter jurisdiction over this claim.

Timeliness

25. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely as it is being filed within thirty (30) days of the service of the underlying action, as well as the initial filing of the same.

26. Pursuant to 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, Pierce will give prompt notice to all adverse parties by filing a separate Notice with a copy of this Notice through the NYSCEF with the Supreme Court of the State of New York, County of New York.

Reservation of Rights

27. By filing this Notice of Removal, Pierce does not waive any claim, argument, defense, or objection that is, or may be, available to her and doe not concede that there is any merit to the Notice of Motion for Summary Judgment in Lieu of Complaint (in fact, Pierce in her

proposed amended complaint in the existing Federal Action has asserted that the filing of the Notice of Motion for Summary Judgment in Lieu of Complain is retaliatory in nature and without merit). See *e.g., Cantor Fitzgerald, L.P. v. Peaslee*, 88 F.3d 152, 157 n.4 (2nd Cir. 1996) (Rule(b) defenses are not waived by removal filing); *Thompson v. United States Dep't of Educ.*, No. 20-CV-693 (AJN), 2021 WL 1199493, at *2 (SDNY Mar. 30, 2021).

28. Pierce also reserves the right to submit at an appropriate time, and with the proper protections, any such other or further documentation, evidence, affidavits, or factual material as may be necessary to further demonstrate the foregoing bases for federal jurisdiction should the Court so request or require.

WHEREFORE, Defendant Pierce hereby removes this action from the Supreme Court of the State of New York, County of New York, to this Court.

Dated: New York, New York
November 11, 2022

*Neal Brickman*
―――――――――――――――――
The Law Offices of Neal Brickman, P.C.
Neal Brickman
Ethan Leonard
Attorneys for Defendant Sarah Pierce
420 Lexington Avenue - Suite 2811
New York, New York 10170
(212) 986-6840
neal@brickmanlaw.com