UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BETTER HOLDCO, INC., *Plaintiff,* <br><br> v. <br><br> SARAH PIERCE, *Defendant.* | No. 22-cv-09580 (AT) |

**AFFIDAVIT OF BRIAN RO IN SUPPORT
OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

State of California     )
County of Alameda  )  ss.:

I, Brian Ro, being duly sworn, hereby deposes and says:

1. I am Vice President and Head of People at Better Holdco, Inc. ("Better" or the "Company"), the Plaintiff in this matter. The facts and matters set forth in this affidavit are based on my personal knowledge and/or my review of Plaintiff's regularly kept business records, and are true to the best of my knowledge, information, and belief.

2. Defendant Sarah Pierce ("Pierce") was employed at Better from around August 2016 until February 4, 2022. During her employment, Pierce's job responsibilities related to sales and operations.

3. On December 16, 2020, Better granted Pierce stock options to purchase 450,000 shares of Better at an exercise price of $5.06, as part of her compensation.

4. On January 25, 2021, Better and Pierce amended the agreement, in two sets of contractual agreements, so that she could exercise the options through a loan from the Company in the form of two promissory notes (the "Notes").

5. Concurrent with executing the Notes, Pierce exercised her options to purchase 450,000 shares of Better.

6. Pierce has not made any payments on the Notes, and thus owes Better $2,277,000—the cost of purchasing the 450,000 shares she retained at the exercise price of $5.06 per share—plus interest.

7. On March 30, 2022, Better emailed Pierce seeking the return of her unvested shares and demanding payment in return for her keeping the vested shares. Pierce never responded to the March 30, 2022 email and otherwise failed to notify Better of her intentions concerning the 450,000 shares she retained or the Notes.

8. On September 12, 2022, Better sent Pierce a Stock Repurchase and Cancellation of Indebtedness Agreement that would have resulted in cancelling the non-recourse portion of debt due by Pierce under the Notes (amounting to $1,115,730) in exchange for her return to Better of 220,500 unvested shares. Pierce refused to sign the agreement.

9. Attached as Exhibit A is a true and correct copy of January 25, 2021 Amendment to Stock Option Agreement to purchase 300,000 shares; Partial Recourse Promissory Note executed by Pierce in the amount of $1,518,000.00; Security Agreement; 2017 Equity Incentive Plan Exercise Notice; Investment Representation Statement; and Better Holdco, Inc. 2017 Equity Incentive Plan Restricted Stock Purchase Agreement.

10. Attached as Exhibit B is a true and correct copy of the January 25, 2021 Amendment to Stock Option Agreement to purchase 150,000 shares; Partial Recourse

Promissory Note executed by Pierce in the amount of $759,000.00; Security Agreement; 2017 Equity Incentive Plan Exercise Notice; Investment Representation Statement; and Better Holdco, Inc. 2017 Equity Incentive Plan Restricted Stock Purchase Agreement.

11. Attached as Exhibit C is a true and correct copy of an email sent by Better to Pierce on March 30, 2022.

12. Attached as Exhibit D is a true and correct copy of the Stock Repurchase and Cancellation of Indebtedness Agreement sent to Pierce by Better on September 12, 2022.

13. I affirm under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

*Brian Ro*

Sworn to me before me this
30th day of November 2022

NOTARY PUBLIC

S. ESSAPOOR, Notary Public

S. ESSAPOOR
COMM. #2387943
Notary Public - California
Alameda County
My Comm. Expires Jan. 17, 2026