UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BETTER HOLDCO, INC.,

                                    Plaintiff,

              -against-

SARAH PIERCE,

                                    Defendant.

```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____         │
│ DATE FILED:   09/29/2023             │
└─────────────────────────────────────┘
```

22 Civ. 9580 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff, Better Holdco, Inc. ("Better"), brings this action against Defendant, Sarah

Pierce, seeking repayment of two loans that Better extended during its employment of Pierce.

Better moves for summary judgment in lieu of a complaint, pursuant to New York Civil Practice

Law and Rules ("CPLR") 3213.  Pl. Mot., ECF No. 11; *see* Pl. Mem. at 1, ECF No. 13.  For the

reasons stated below, the motion is GRANTED.

## BACKGROUND[1]

Better employed Pierce from August 2016 until February 4, 2022.  Pl. 56.1 ¶ 1, ECF No.

12.  On December 16, 2020, Better offered Pierce the option to purchase 450,000 shares of

Better's common stock at $5.06 per share.  Ro Aff. Ex. A, at 1, ECF No. 14-1 ("Ex. A"); Ro Aff.

Ex. B, at 1, ECF No. 14-2 ("Ex. B"); *see* Pl. 56.1 ¶ 2.  On January 25, 2021, Better and Pierce

entered into two partial recourse promissory notes (the "Notes"), whereby Better lent Pierce a

total of $2,277,000.  Ex. A at 4; Ex. B at 4; *see* Pl. 56.1 ¶¶ 4–5.  The Notes were secured by "[a]ll

shares of [c]ommon [s]tock purchased pursuant to the [o]ption" (the "Pledged Securities").  Ex.

---

[1] The facts in this section are taken from the parties' Rule 56.1 statements, responses, and declarations, unless
otherwise noted.  Disputed facts are so noted.  Citations to a paragraph in a Rule 56.1 statement also include the
opposing party's response.  "[W]here there are no citations[,] or where the cited materials do not support the factual
assertions in the [s]tatements, the Court is free to disregard the assertion."  *Holtz v. Rockefeller & Co.*, 258 F.3d 62,
73 (2d Cir. 2001) (alteration omitted).  On a motion for summary judgment, the facts must be read in the light most
favorable to the non-moving party.  *Id.* at 69.

A at 20, 5 ¶ 4; Ex. B at 20, 5 ¶ 4.  Concurrent with executing the Notes, Pierce exercised her

option to purchase 450,000 shares of Better.  Pl. 56.1 ¶ 7; *see* Def. 56.1 Resp. ¶ 6, ECF No. 17.

The Notes define the "Due Date" as the earliest of six dates, the earliest of which was 120

days after the "termination of [Pierce's] employment relationship with [Better] for any reason."

Pl. 56.1 ¶ 8.  The Notes state that "[o]n the Due Date, any unpaid principal and accrued interest

will become immediately due and payable to" Better.  Pl. 56.1 ¶ 9; *see* Ex. A at 5 ¶ 2(b); Ex. B at

5 ¶ 2(b).

The Notes each provide that the holder has "personal recourse against [Pierce] as to (a)

up to 51% of the entire amount of this Note and (b) any unpaid interest due or compounded

under this Note" (the "Recourse Portion").  Ex. A at 7 ¶ 9; Ex. B at 7 ¶ 9.  Under this provision,

upon the Due Date, Better is permitted, with respect to the Recourse Portion, to proceed at its

discretion against the Pledged Securities or Pierce's personal assets.  Ex. A at 7 ¶ 9; Ex. B at 7

¶ 9.  Another clause provides that, with regard to any indebtedness in excess of the Recourse

Portion (the "Non-Recourse Portion"), Better is only permitted to proceed against the Pledged

Securities.  Ex. A at 7 ¶ 9; Ex. B at 7 ¶ 9.[2]

On February 4, 2022, Pierce's employment relationship with Better ended.  Pl. 56.1 ¶ 11.

By email dated March 30, 2022, Better advised Pierce that the "balance on [her] loan

(principal + interest) has come due."  Ro Aff. Ex. C, ECF No. 14-3 ("Ex. C").  The email stated

that the company will repurchase any unvested shares and cancel "that portion of the loan

balance . . . upon signature of the repurchase agreement."  *Id.*  The email further stated that, to

retain the vested shares, either Pierce would need to pay back the principal and interest, or Better

---

[2] The option agreement that Pierce signed set forth a vesting schedule that has not been provided to the Court.  *See* Ex. A at 27; Ex. B at 27.  The parties appear to agree that certain of Pierce's shares remain "unvested," and certain of Pierce's shares are "vested."  *See* Pl. 56.1 ¶ 13.

would "repurchase those [shares] which are vested in order to settle the loan." *Id.*  The email asked Pierce to respond within five business days.  *Id.*  Pierce stated that, on July 29, 2022, her lawyers "accepted Better's offer" and then "repeated this acceptance" over the next three months.  Pierce Aff. ¶ 17, ECF No. 16.

To date, Pierce has not made any payments on the Notes.  Pl. 56.1 ¶ 18; Def. 56.1 Resp. ¶ 21.

On October 11, 2022, Better filed a motion for summary judgment in lieu of complaint pursuant to CPLR 3213 in Supreme Court, New York County.  Def. 56.1 Resp. ¶ 22.  On November 9, 2022, Pierce removed the action to federal court.  *See* ECF No. 1.

## LEGAL STANDARD

Under CPLR 3213, when "an action is based upon an instrument for the payment of money only," the plaintiff "may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint."  N.Y. C.P.L.R. 3213.  If the action is then removed, it is "converted to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure."  *UBS AG, London Branch v. Greka Integrated, Inc.*, No. 21-1385-cv, 2022 WL 2297904, at *2 (2d Cir. June 27, 2022); *see Breco Equities, LLC v. Whitehead*, No. 22 Civ. 8683, 2023 WL 5180141, at *2 (S.D.N.Y. Aug. 11, 2023).

Summary judgment is appropriate where the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–26 (1986).  A genuine dispute exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson*, 477 U.S. at 248.

The moving party initially bears the burden of demonstrating the absence of a genuine dispute of material fact by citing evidence in the record. *See Celotex*, 477 U.S. at 323–24; *Koch v. Town of Brattleboro, Vt.*, 287 F.3d 162, 165 (2d Cir. 2002). If the moving party meets its initial burden, the burden then shifts to the opposing party to establish a genuine dispute of material fact. Fed. R. Civ. P. 56(c)(1); *Beard v. Banks*, 548 U.S. 521, 529 (2006); *PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam). In doing so, the non-moving party "may not rely on conclusory allegations or unsubstantiated speculation," *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998), as "unsupported allegations do not create a material issue of fact," *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000). On a motion for summary judgment, courts view the record in the light most favorable to the non-moving party. *Koch*, 287 F.3d at 165.

## DISCUSSION

Under New York law, "to make out a prima facie case for recovery on a promissory note, a plaintiff must simply show proof of a note and failure to make payment." *Tabatznick v. Turner*, No. 18 Civ. 8135, 2016 WL 1267792, at *5 (S.D.N.Y. Mar. 30, 2016) (quotation marks and citation omitted).[3] The burden then shifts to the payee "to prove the existence of a defense against the note creating a triable issue of fact." *Beaufort Cap. Partners LLC v. Oxysure Sys., Inc.*, No. 16 Civ. 5176, 2017 WL 913791, at *2 (S.D.N.Y. Mar. 7, 2017).

Better has established a prima facie case for recovery. It is uncontested that Pierce executed the Notes on January 25, 2021. Pl. 56.1 ¶¶ 4–5; Def 56.1 Resp. ¶ 4. Pursuant to the Notes, Better loaned a sum of money totaling $2,277,000 to Pierce. Pl. 56.1 ¶¶ 4–5. Pierce's employment with Better ended on February 4, 2022. *Id.* ¶ 11. On June 4, 2022—120 days after

---

[3] The Court sits in diversity jurisdiction over this action, *see* Notice of Removal, ECF No. 1 ¶¶ 18–24, and thus applies New York substantive law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64, 78–79 (1938).

her termination from employment—the unpaid principal and accrued interest on Notes were immediately due.  *Id.* ¶ 12.  Pierce admits that she has made no payment on the Notes.  *Id.* ¶ 18; Def. 56.1 Resp. ¶ 21.

Pierce argues that, because the Notes restrict Better's ability to proceed against her personal assets as to the Non-Recourse Portion of her debt, the Notes are not an instrument for money alone pursuant to CPLR 3213.  *See* Def. Opp. at 11–12, ECF No. 18.  Pierce references a line of cases in New York law that deny CPLR 3213 relief for contracts that, "although calling for the payment of a sum of money, also required some other condition or performance." *Maglich v. Saxe, Bacon & Bolan*, 97 A.D.2d 19, 22 (N.Y. App. Div. 1983).  For example, New York courts have denied CPLR 3213 relief where the monetary obligation was contained in a domestic-partner separation agreement, *Wagner v. Cornblum*, 36 A.D.2d 427, 428–29 (N.Y. App. Div. 1971), or in an employment contract, *Rickert v. Packet Facilities*, 35 A.D.2d 711, 711 (N.Y. App. Div. 1970).  By contrast, the Notes do not "require[] something in addition to the defendant's explicit promise to pay a sum of money."  *Interman Indus. Products, Ltd. v. R.S.M. Electron Power, Inc.*, 37 N.Y.2d 151, 155 (1975); *see Solanki v. Pandya*, 269 A.D.2d 189, 189 (N.Y. App. Div. 2000).  It is uncontested that the Notes each state that, on the due date, "any unpaid principal and accrued interest will become immediately due and payable to" Better.  Ex. A at 5 ¶ 2(b); Ex. B at 5 ¶ 2(b).[4]  Pierce concedes that she has made no payments on the Notes. Pl. 56.1 ¶ 18; Def. 56.1 Resp. ¶ 21.  Accordingly, the Notes are for the payment of money.

Pierce also contends that Better is unlawfully attempting to collect a money judgment on the Non-Recourse Portion in violation of the Notes.  Def. Opp. at 10–11.  As Better concedes, Better is still constrained by the terms of the Notes in how it can collect on the sum that Pierce

---

[4] Although Better is constrained in how it can proceed on the Non-Recourse Portion, Pierce can elect to make payments entirely in cash to satisfy the Notes.  *See* Ex. A at 5 ¶ 2(c), 5 ¶ 3, 7 ¶ 9; Ex. B at 5 ¶ 2(c), 5 ¶ 3, 7 ¶ 9.

owes to Better.  Pl. Reply at 5, ECF No. 19; *cf. HCG Mezzanine Dev. Fund L.P. v. Jreck Holdings, LLC*, 964 N.Y.S.2d 59, 59 (Sup. Ct. 2012) ("[T]he obligation to pay on the notes and the right to enforce the security interest are independent of each other.").  By the terms of the Notes, the Recourse Portion cannot exceed 51 percent of the amount loaned by Better plus interest.  *See* Ex. A at 7 ¶ 9; Ex. B at 7 ¶ 9.[5]  Better cannot proceed against Pierce's personal assets to satisfy the Non-Recourse Portion of Pierce's debt.  *See* Ex. A at 7 ¶ 9; Ex. B at 7 ¶ 9.

The burden thus shifts to Pierce to raise material disputes of fact as to any bona fide defense to payment.  Pierce raises five defenses to payment.

First, Pierce argues that there is a genuine issue of material fact as to whether the terms of the Notes have been altered by her acceptance of Better's March 30, 2022 proposal to repurchase unvested and vested shares in satisfaction of her debt.  Def. Opp. at 12–13.  The parties disagree as to whether there was an expiration date on the proposal.  *See* Pl. 56.1 ¶ 14; Def. 56.1 Resp. ¶ 12.

The disagreement, however, is immaterial because Pierce's acceptance of the proposal would not alter the terms of the Notes.  Under New York law, although "the terms of a contract do not need to be fixed with absolute certainty to give rise to an enforceable agreement," a "mere agreement to agree, in which a material term is left for future negotiations, is unenforceable." *Kolchins v. Evolution Mkts., Inc.*, 31 N.Y.3d 100, 106–07 (2018) (cleaned up).  "[I]f the parties to an agreement do not intend it to be binding upon them until it is reduced to writing and signed by both of them, they are not bound and may not be held liable until it has been written out and signed." *Id.* at 107 (citation omitted); *see HCG Mezzanine*, 964 N.Y.S.2d at 59.  Whether a contract was formed can be resolved on summary judgment "when the words and actions that

---

[5] As to the Recourse Portion, Better has the discretion to decide whether to proceed against Pierce's personal assets or the Pledged Securities.  Ex. A at 7 ¶ 9; Ex. B at 7 ¶ 9.

allegedly formed a contract are so clear themselves that reasonable people could not differ over their meaning." *Krumme v. WestPoint Stevens Inc.*, 143 F.3d 71, 83 (2d Cir. 1998) (cleaned up).

Even drawing all reasonable inferences in Pierce's favor, Better's email to Pierce did not constitute an enforceable offer.  The email did not contain any material terms, including the amount of indebtedness that Better was offering to cancel for repurchase of unvested shares or the number of vested shares that Better was offering to purchase to settle the outstanding debt. The email also did not purport, by its plain terms, to be the final agreement:  Better indicated that cancellation of the loan related to unvested shares "will be executed upon signature of the repurchase agreement," which would be delivered "via Docusign."  Ex. C.  Moreover, the Notes each provide that "[n]o term of this Note may be waived, modified or amended except by an instrument in writing signed by both of the parties hereto."  Ex. A at 9 ¶ 14; Ex. B at 9 ¶ 14. Pierce provides no evidence of such a writing and admits that the parties have not signed an agreement to modify the terms of the Notes.  *See* Pierce Aff. ¶¶ 25–26; Pierce Aff. Ex. G, ECF No. 16-7 (noting that Pierce "remains willing to sign the Agreement").  No reasonable factfinder could find, therefore, that Better's proposal, even if "accepted" by Pierce, constituted an enforceable offer.  Accordingly, the terms set forth in the Notes continue to apply.

Second, Pierce contends that enforcement of the Notes is retaliatory because she is "the only employee from whom Better has sought to collect any loan balance."  Pierce Aff. ¶ 14; *see* Def. 56.1 Resp. ¶ 18; Pl. Reply at 11, ECF No. 20.  Generally, "a defense based on facts extrinsic to the note does not preclude judgment for plaintiff."  *Couch White L.L.P. v. Kelly*, 286 A.D.2d 526, 527 (N.Y. App. Div. 2001).  However, such extrinsic facts can defeat summary judgment when those defenses become "intertwined" with the enforceability of the contract.  *Id.* (holding that legal malpractice affected the amount owed under the note); *see Maksoud v. Iskhakov*, 187

A.D.3d 1167, 1169 (N.Y. App. Div. 2020) (holding that lack of consideration could nullify the note); *Ssangyong (U.S.A.) Inc. v. Sung Ae Yoo*, 88 A.D.2d 572, 573 (N.Y. App. Div. 1982) (holding that fraud in the inducement could nullify the note).

The Notes grant Better broad discretion over when to enforce payment. *See* Ex. A at 7; Ex. B at 7. Furthermore, the Notes explicitly state that they would come due following the termination of Pierce's employment with Better "for any reason." Ex. A at 4; Ex. B at 4. The Notes do not affect Pierce's at-will employment status with Better. Ex. A at 8; Ex. B at 8. New York courts have not interposed additional requirements on such "broadly worded" language. *See DDS Partners, LLC v. Celenza*, 6 A.D.3d 347, 348 (N.Y. App. Div. 2004). Pierce offers no support for her contention that "the retaliatory nature of the enforcement of the Notes" is "inextricably intertwined with Better's claims of enforcement."[6] Def. Opp. at 15. Accordingly, Pierce's allegation of retaliatory enforcement does not raise an issue of material fact.

Third, Pierce claims that Better has custody of Pierce's shares and that, as a result, Pierce cannot return the unvested shares to Better to satisfy the Non-Recourse Portion of the debt. *See* Def. Opp. at 13–14. Pierce also states that she "could not actually own [the] shares until they vested." Def. 56.1 Resp. ¶ 6. These facts are not material: Pierce does not explain why these circumstances would affect her obligation to repay the debt pursuant to the Notes.[7] Moreover, they are contradicted by the record evidence. Pursuant to the option agreement, Pierce purchased all of the shares and is their owner, *see* Ex. A at 21–24; Ex. B at 21–24, even if the shares are

---

[6] Pierce argues that she is currently suing Better for retaliatory termination, which could require her reinstatement and thus invalidate the Notes' operative "due date." Def. Opp. at 14. However, as Better rightly points out, Pierce has not sought such relief in the related lawsuit. *See* Am. Compl. ¶¶ 174–270, *Pierce v. Better Holdco, Inc.*, No. 22 Civ. 4748 (S.D.N.Y. filed Dec. 8, 2022), ECF No. 52.

[7] The Notes differentiate between vested and unvested shares in only one respect: if Better proceeded after the Pledged Securities to satisfy Pierce's debt—as it must for the Non-Recourse Portion—the vested portion of the Pledged Securities would be valued at the fair market value, and the unvested portion would be valued in accordance with the repurchase option included in the agreement. Ex. A at 8, 27–28; Ex. B at 8, 27–28.

currently held in an escrow account, *see* Pl. Reply at 10.  Contrary to Pierce's assertion, this ownership extends to the unvested shares:  Better does not own those shares and would have to repurchase the shares from Pierce.  Ex. A at 27–28; Ex. B at 27–28.

Fourth, Pierce claims that the parties intended for the Notes to be nonbinding and for Better not to proceed against Pierce's personal assets as to any portion of the loan.  Def. Opp. at 15–16.  Pierce offers no evidence in support of this assertion.  Even if she had, such evidence is not admissible to vary the terms of an unambiguous contract.  *See Donohue v. Cuomo*, 38 N.Y. 3d 1, 12–13 (2022).  Pierce admits that she executed the Notes.  Pl. 56.1 ¶¶ 4–5; Def. 56.1 Resp. ¶ 4.  Pursuant to the Notes, with respect to the Recourse Portion, Better is permitted to proceed against either the Pledged Securities or Pierce's personal assets.  Ex. A at 7 ¶ 9; Ex. B at 7 ¶ 9.

Fifth, Pierce argues that Better's motion is procedurally improper because Better did not file a complaint in federal court following removal.  Def. Opp. at 3 n.6.  This is incorrect.  A district court "takes the removed action in the posture in which it existed when it [was] removed from a state[] court jurisdiction and must give effect to all actions and procedures accomplished in state court prior to removal."  *Valley Nat'l Bank v. Oxygen Unlimited, LLC*, No. 10 Civ. 5815, 2010 WL 5422508, at *2 (S.D.N.Y. Dec. 23, 2010) (cleaned up).  Better was "not required to file a complaint" upon removal.  *Sun Forest Corp. v. Shvili*, 152 F. Supp. 2d 367, 387 (S.D.N.Y. 2001).

Pierce has not raised a material fact related to a bona fide defense to payment on the Notes.  Better, therefore, is entitled to summary judgment.

## CONCLUSION

Accordingly, for the reasons stated above, Better's motion for summary judgment is GRANTED.  The Clerk of Court is directed to terminate the motion at ECF No. 11.  Better is

entitled to judgment in the amount of the unpaid principal of $2,277,000 plus accrued interest

through the date of repayment.  Better is constrained by the terms of the Notes in collecting on

the judgment.

By **October 31, 2023**, the parties shall file a joint letter setting forth a briefing schedule

as to attorneys' fees and costs.

SO ORDERED.

Dated: September 29, 2023
       New York, New York

_____
ANALISA TORRES
United States District Judge