UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BETTER HOLDCO, INC.,

          *Plaintiff,*

    v.

SARAH PIERCE,

          *Defendant.*

No. 22-cv-09580 (AT) (OTW)

**PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES RELATED TO SUMMARY JUDGMENT**

Roberta A. Kaplan
Timothy S. Martin
Kate L. Doniger
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
(212) 763-0889

*Counsel for Better Holdco, Inc.*

December 29, 2023

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

BACKGROUND ............................................................................................................................... 1

ARGUMENT .................................................................................................................................... 3

    I.    The Number of Hours Expended on Collection Efforts Was Reasonable ................... 3

    II.   The Requested Rates Are Reasonable ......................................................................... 7

CONCLUSION .................................................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*615 Bldg. Co. v. Rudnick*,
    2015 WL 4605655 (S.D.N.Y. July 31, 2015) ............................................................................ 8

*Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC*,
    2021 WL 1353756 (S.D.N.Y. Apr. 12, 2021) ............................................................................ 8

*Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*,
    522 F.3d 182 (2d Cir. 2008) ..................................................................................................... 3

*Cutter Bayview Cleaners, Inc. v. Spotless Shirts, Inc.*,
    57 A.D.3d 708 (2d Dep't 2008) ................................................................................................ 7

*Danaher Corp. v. Travelers Indem. Co.*,
    2014 WL 4898754 (S.D.N.Y. Sept. 30, 2014), , *R&R adopted* 2015 WL 1647435
    (S.D.N.Y. Apr. 14, 2015) ..................................................................................................... 3, 9

*Dye v. Kopiec*,
    2019 WL 2527218 (S.D.N.Y. May 10, 2019), *R&R adopted* 2019 WL 2525410
    (S.D.N.Y. June 19, 2019) .......................................................................................................... 7

*Macquarie Mex. Real Est. Mgmt. S.A. de C.V. v. Hoiston Int'l Enters.*,
    2021 WL 4952693 (S.D.N.Y. Oct. 1, 2021), *R&R adopted* 2021 WL 4951764 (S.D.N.Y.
    Oct. 25, 2021) ...................................................................................................................... 8, 9

*McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*,
    450 F.3d 91 (2d Cir. 2006) ....................................................................................................... 7

*MSC Mediterranean Shipping Co. Holding S.A. V. Forsyth Kownacki LLC*,
    2017 WL 1194372 (S.D.N.Y. Mar. 30, 2017) .......................................................................... 7

*Nautilus Neurosciences, Inc. v. Fares*,
    2014 WL 1492481 (S.D.N.Y. Apr. 16, 2014) ...................................................................... 7, 8

*New York State Ass'n for Retarded Children, Inc. v. Carey*,
    711 F.2d 1136 (2d Cir. 1983) ................................................................................................... 7

*Reiter v. Metropolitan Transportation Auth. of New York*,
    2004 WL 2072369 (S.D.N.Y. Sept. 10, 2004) ......................................................................... 9

*Rubenstein v. Advanced Equities, Inc.*,
    2015 WL 585561 (S.D.N.Y. Feb. 10, 2015)................................................................. 2, 6, 8

*Tabatznik v. Turner*,
    2016 WL 1267792 (S.D.N.Y. Mar. 20, 2016)............................................................... 2, 6, 7

*Townsend v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
    2020 WL 2079633 (S.D.N.Y. Apr. 30, 2020)...................................................................... 8

*U.S. Bank Nat'l Ass'n v. Dexia Real Est. Cap. Mkts.*,
    2016 WL 6996176 (S.D.N.Y. Nov. 30, 2016)...................................................................... 8

*UBS AG, London Branch v. Greka Integrated, Inc.*,
    2022 WL 2297904 (2d Cir. June 27, 2022) ......................................................................... 5

*Vista Outdoor Inc. v. Reeves Fam. Tr.*,
    2018 WL 3104631 (S.D.N.Y. May 24, 2018) ..................................................................... 7

*Wise v. Kelly*,
    620 F. Supp. 2d 435 (S.D.N.Y. 2008)................................................................................. 8

**STATUTES**

New York Civil Practice Law and Rules § 3213............................................................................ 5

**RULES**

New York Civil Procedure Rule 56.1............................................................................................ 5

Pursuant to the Court's Order dated November 1, 2023 (ECF No. 27) (the "Order"), Plaintiff Better Holdco, Inc. ("Better") respectfully submits this memorandum of law in support of its application for attorneys' fees and costs (the "Motion") in the amount of $216,494.70[1] in connection with successfully litigating Better's motion for summary judgment in lieu of a complaint.  *See* ECF No. 11.

## BACKGROUND

This Court properly awarded Plaintiff attorneys' fees pursuant to the unambiguous language of the two partial recourse promissory notes (the "Notes") that Defendant voluntarily entered into and has since refused to repay.  *See* ECF No. 21 (the "Order.").  The Opposition to Plaintiff's Application for Attorneys' Fees and Costs (the "Opposition") does not dispute the fact that, under the plain language of the Notes, Better is "entitled to recover from Borrower all costs of effecting collection of the same, including reasonable attorneys' fees," *see* Motion at 2, nor does it quarrel with the fact that the Court granted Better's motion for summary judgment in full. Instead, the Opposition continues Defendant's strategy of obfuscation—the same strategy that forced Better to incur the costs it now seeks to recover in the first place.  The Court should award Better the documented fees it incurred as part of its collection efforts.

The Opposition for the most part fails to identify any specific billing entries Defendant believes were unnecessary.  Instead, the Opposition mostly complains that Plaintiff expended too much attorney time attempting to negotiate a pre-litigation resolution, and drafting, filing, serving and ultimately prevailing on a motion for summary judgment.  But Defendant provides no support

---

[1] In the Motion and accompanying Declaration of Kate L. Doniger, Ex. A (the "Fees Spreadsheet"), Better inadvertently included a duplicative entry for $2,618.00 for work completed by Timothy S. Martin on November 27, 2022.  That entry should have appeared only once; accordingly, Better herein updates its requested fee amount in the reduced amount of $216,494.70.

1

for this argument other than, apparently, her own personal judgment about what is reasonable. To the contrary, in the promissory note cases Defendant herself cites, courts have upheld expenditures of time that vastly exceed the 238 hours that Better's counsel spent here. *See* Opp. at 11 (citing *See Tabatznik v. Turner*, 2016 WL 1267792, at *13 (S.D.N.Y. Mar. 20, 2016) (finding reasonable a total of over 800 hours); *Rubenstein v. Advanced Equities, Inc.*, 2015 WL 585561, at *8 (S.D.N.Y. Feb. 10, 2015) (finding 391 hours expended to be reasonable)).

Where the Opposition does address specific time entries by Plaintiff's attorneys, it fails to provide the Court with any relevant context. For example, Defendant complains that an associate had to expend 8.6 hours over two days on issues related to the service of the motion for summary judgment, Opp. at 12, but fails to inform the Court that Plaintiff's attorney refused to accept service and forced Plaintiff to personally serve her at her secondary residence in Aspen, Colorado after abortive attempts at service were made in both New York City and Portsmouth, New Hampshire. *See* Second Declaration of Kate. L. Doniger, ¶ 2; Ex. A. And while Defendant now attempts to characterize this dispute as "straightforward," Opp. at 9, the Opposition ignores Defendant's own relentless efforts to complicate this matter with a slew of farfetched legal arguments aimed at defeating summary judgment. *See* ECF No. 18. Finally, with respect to billing rates, the Opposition simply ignores the caselaw, cited in the Motion, that makes clear that the rates requested here are in line with prevailing market rates that have been approved by this Court, instead relying on near-decade old cases that merely find the lower rates charged by the attorneys in those cases were reasonable. *See* Opp. at 11-12. The requested attorneys' fees and hours expended are reasonable in light of the necessary collection efforts, are well-within the prevailing market rates, and are wholly consistent with prior awards. The Court should grant this Motion and award Plaintiff attorneys' fees in the amount of $216,494.70.

**ARGUMENT**

Courts determine the "presumptively reasonable fee" by multiplying "a reasonable hourly rate by the reasonable number of hours expended on the case." *Danaher Corp. v. Travelers Indem. Co.*, 2014 WL 4898754, at *2 (S.D.N.Y. Sept. 30, 2014), *report and recommendation adopted*, 2015 WL 1647435 (S.D.N.Y. Apr. 14, 2015) (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 189 (2d Cir. 2008)).  Here, Better's attorneys expended a reasonable number of hours on its collection efforts, as documented and detailed in the Fees Spreadsheet, at the prevailing rates in the relevant market.

### I.     The Number of Hours Expended on Collection Efforts Was Reasonable

While the Opposition broadly complains about the hours expended on Better's collection efforts, it fails to identify many specific expenditures of time that Defendant believes were unnecessary or unreasonable.  Where it attempts to do so, its arguments are misguided or fail to inform the Court of pertinent facts.

*First*, though it is difficult to discern, the Opposition appears to assert that Better is not entitled to attorneys' fees for its pre-litigation collection efforts, arguing that "[t]he first mention of any motion for summary judgment in connection with this matter in Mr. Martin's time records appears on 8/18/22," and that "at least 47.3 hours" of legal work with detailed entries should be set aside as "not on work reasonably necessary to the collection on the Notes."  Opp. at 12, 14.  But Defendant does not (and cannot) contest that the Notes unambiguously provide that:

> In the event of any failure on the part of the Borrower to make any payment when the same is due, Lender will be entitled to recover from Borrower *all costs* of effecting collection of the same, including reasonable attorneys' fees.

Affidavit of Brian Ro in Supp. of Pltf.'s Mtn. for Summ. J. (the "Ro Aff."), ECF No. 14-1 at 7; ECF No. 14-2 at 7 (emphasis added).  Thus, Better is entitled to collect fees related to its repeated

3

efforts to resolve Defendant's failure to pay her obligations without judicial intervention.  As detailed in the Motion, Better repeatedly reached out to Defendant to resolve her outstanding obligations; in response, Defendant strung out negotiations for months and ultimately rejected Better's offer of a Stock Repurchase and Cancellation of Indebtedness Agreement that would have cancelled the non-recourse portion of the debt owed by Pierce under the Notes.  *See* Mot. at 1-2, citing Ro Aff., ¶ 8.  It therefore makes no sense for Defendant to now argue that the lengthy negotiations about collection that she herself occasioned are somehow "not . . . reasonably necessary to collection on the Notes." Opp. at 14.  In addition, in an argument not raised in her opposition to the motion for summary judgment, Defendant now claims those negotiations were "in bad faith," Opp. at 10, 12, but such bare and baseless accusations cannot now save her from the plain terms of the Notes and are, in any event, belied by the record.  *See* Second Doniger Decl., ¶ 4.[2]

*Second*, the Opposition complains that an associate "spent 8.6 hours over two days researching issues related to the service of a motion for summary judgment in lieu of complaint and researching and drafting a client memo regarding service of process." Opp. at 1-2.  Defendant leaves out the fact that Plaintiff tried to avoid this time and expense by asking Defendant's counsel, with whom Plaintiff had by then engaged in lengthy negotiations on the Notes, to accept service on her behalf.  But Defendant's attorney refused to accept service of the motion for summary judgment, requiring Better's attorneys to expend time researching factual and legal issues concerning personal service in foreign states and Defendant's residences.  Ultimately, Plaintiff

---

[2] Defendant asserts that she "was willing to sign the revised Cancellation Agreement," Opp. at 6, pointing to her attorney's October 11, 2022 email to Better, *see* Dkt. 16-7, but that email clearly constitutes a counteroffer in which she stated she would not sign "unless and until" Better attributed earlier income to a different state, *id.*, and, in any event, provides no support for the claim that Better's efforts were "in bad faith." Opp. at 10, 12.

was forced to make numerous attempts at service in different jurisdictions, including New York and New Hampshire, before Defendant was finally located and served in Aspen, Colorado. *See* Second Doniger Decl., ¶ 2; Ex. A. Because there is no conceivable reason Defendant would have refused to accept service through counsel other than to burden Plaintiff with additional costs, Defendant cannot reasonably now claim that those costs were unnecessary.

*Third*, Defendant complains about expenditures of time related to her removal of the state court filings to federal court, including an associate spending "3.8 hours over two days [] researching and drafting a memo regarding removal of Better's motion for summary judgment," 0.9 hours of partner time "on review," and 9.2 hours[3] of partner time to, among other things, revise and finalize those papers for filing. *See* Opp. at 2, 12-13; Fees Spreadsheet at 7. Defendant neglects to mention that, upon Defendant's removal, Plaintiff's motion had to be converted to a motion for summary judgment and became subject to the "regime of the Federal Rules." *UBS AG, London Branch v. Greka Integrated, Inc.*, 2022 WL 2297904, at *2 (2d Cir. June 27, 2022). This required, *inter alia*, drafting a Statement of Undisputed Material Facts Pursuant to Local Civil Rule 56.1 and incorporating arguments related to removed CPLR § 3213 actions. *See* ECF No. 12; ECF No. 13 at 4-5. Indeed, Defendant was well aware of the complexities related to conversion, as she (fruitlessly) attacked Plaintiff's converted motion for summary judgment, arguing it was "procedurally infirm" under the now-applicable federal rules because Better "failed to support that motion with a Complaint." ECF No. 18 at 3, n.6. The expenditure of a small amount of time on issues related to removal was clearly reasonable.

---

[3] Defendant complains about the expenditure of 11.4 hours of partner time, Opp. at 13 which includes the duplicative entry inadvertently included in the Fees Spreadsheet and addressed herein, *see supra*, at 1, n.1. Without that entry, the total partner time at issue is 9.2 hours.

*Fourth*, Defendant complains about the amount of time spent on drafting Better's Reply Memorandum in Support of its Motion for Summary Judgment. Opp. at 13. However, in her opposition to the Motion for Summary Judgment, *see* ECF No. 18—which included sixteen long-winded footnotes—Defendant raised a slew of complicated and baseless arguments aimed at defeating summary judgment. For example, Defendant asserted that there were genuine disputes of material fact related to (1) whether the Notes permitted Better to seek payment from Defendant "of all outstanding principal and accrued interest of the Notes"; (2) whether the "return of her stock to Better [was] a precondition to Better's not having personal recourse against Pierce for, at least 49% of the indebtedness"; (3) whether Better "offer[ed] to Pierce, like it offered to all of its former employees, to repurchase all of Pierce's stock, . . . did it ever withdraw that offer, and did Pierce ultimately accept that offer". *Id.* at 2. Defendant also attempted to incorporate her related retaliation lawsuit by arguing Better "singl[ed] Pierce out publicly to attempt to collect money that she does not owe it, constitute[ing] another instance of unlawful retaliation[.]" *Id*. Yet now, apparently with no grasp of irony, Defendant asserts that the dispute was "straightforward" and involved a "simple transaction." Opp. at 9-10. In fact, Better—and, ultimately, this Court—was required to meticulously address each of her spurious arguments, which Better did in an entirely reasonable amount of attorney time.

*Finally*, Defendant argues generally that the overall amount of time spent on collection efforts was unreasonable, noting that it required "219 hours of attorneys' time" and "19 hours of paralegal time." Opp. at 1. But the very promissory note cases Defendant relies upon found that expenditures of hours far *in excess* of the expenditure here were reasonable. *See Tabatznik*, 2016 WL 1267792, at *13 (finding reasonable a total of over 800 hours, including 108.6 partner hours, 282.5 associate hours, and 419.1 paralegal hours); *Rubenstein*, 2015 WL 585561, at *9 (finding

391 hours expended to be reasonable); *Nautilus Neurosciences, Inc. v. Fares*, 2014 WL 1492481, at *3 (S.D.N.Y. Apr. 16, 2014) (finding reasonable 244.5 hours expended in collecting $75,000 promissory note). In *Tabatznik*, the Court also determined that 800 hours was reasonable in part based on the defendant's efforts that "ultimately prevented" the plaintiff from "keeping costs low," including by removing the action to federal court. *Tabatznik*, 2016 WL 1267792, at *13. The same is true here. Defendant otherwise relies on inapposite cases that involved default judgments, *see Dye v. Kopiec*, 2019 WL 2527218, at *2 (S.D.N.Y. May 10, 2019), *report and recommendation adopted*, 2019 WL 2525410 (S.D.N.Y. June 19, 2019), or in which fee awards were sought without "submit[ting] any evidence in support of its claim for the award." *Cutter Bayview Cleaners, Inc. v. Spotless Shirts, Inc.*, 57 A.D.3d 708, 710 (2d Dep't 2008). In short, the cases cited by Defendant makes clear that Better's attorneys expended the "degree of effort reasonably needed to prevail in this litigation," *New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983).

## II.   The Requested Rates Are Reasonable

To determine a reasonable hourly rate, courts look at the "prevailing rates in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation." *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96-7 (2d Cir. 2006) (cleaned up). In the Motion, Better cited a series of recent cases that have found reasonable rates in line with or greater than those requested here, particularly given the level of attorney experience, prevailing market, and nature of the law firm involved. *See* Mot. at 6 (citing, e.g., *Vista Outdoor Inc. v. Reeves Fam. Tr.*, 2018 WL 3104631, at *6 (S.D.N.Y. May 24, 2018) (awarding $1,260 hourly rate for partners of law firm); *MSC Mediterranean Shipping Co. Holding S.A. V. Forsyth Kownacki LLC,* 2017 WL 1194372, at *3 (S.D.N.Y. Mar. 30, 2017)

(finding reasonable the rate of $1,048.47 for law firm partners, between $569.02 and $753.42 for associates, and $210.75 and $437.30 for non-legal staff); *Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC*, 2021 WL 1353756, at *3 (S.D.N.Y. Apr. 12, 2021) (Torres, J.) (agreeing that hourly rates between $1,175 and $1,350 for partners of law firm were reasonable); *Macquarie Mex. Real Est. Mgmt. S.A. de C.V. v. Hoiston Int'l Enters.*, 2021 WL 4952693, at *8 (S.D.N.Y. Oct. 1, 2021), *report and recommendation adopted*, 2021 WL 4951764 (S.D.N.Y. Oct. 25, 2021) (awarding $800 hourly rate to senior associate). Even seven years ago, this Court determined that "partner billing rates in excess of $1,000 an hour are now not uncommon in the context of complex commercial litigation." *U.S. Bank Nat'l Ass'n v. Dexia Real Est. Cap. Mkts.*, 2016 WL 6996176, at *8 (S.D.N.Y. Nov. 30, 2016). And this Court has long recognized "the obvious proposition that billing rates continue to increase over time." *Wise v. Kelly*, 620 F. Supp. 2d 435, 447 (S.D.N.Y. 2008).

The Opposition fails to address any of this caselaw. Instead, the Opposition cites to older decisions—most nearly a decade old—in which courts merely found that the lower rates charged by attorneys in those cases were reasonable. *See, e.g., Nautilus Neurosciences*, 2014 WL 1492481 at *3; *Rubenstein*, 2015 WL 585561, at *7; *Townsend v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 2020 WL 2079633, at *2-3 (S.D.N.Y. Apr. 30, 2020); *615 Bldg. Co. v. Rudnick*, 2015 WL 4605655, at *3 (S.D.N.Y. July 31, 2015). Those decisions do not address whether higher rates might have also been reasonable, as that question was not before those courts, nor do they (or could they) discuss prevailing rates in 2023. Those cases therefore provide no support for Plaintiff's assertion that the rates requested in the Motion are excessive.[4]

---

[4] To the extent that Defendant argues that the requested rates (like the number of hours) should be reduced because this is a "straight-forward contract dispute[]," Opp. at 11, that argument is addressed above; namely, Defendant purposefully complicated this dispute at every turn in an

Finally, as noted in the Motion and uncontested by the Opposition, "as a logical matter, the amount actually paid to counsel by paying clients is compelling evidence of a reasonable market rate." *Danaher*, 2014 WL 4898754, at *3 (quoting *Reiter v. Metropolitan Transportation Auth. of New York*, 2004 WL 2072369, at *4 (S.D.N.Y. Sept. 10, 2004)). Here, Better paid the rates charged, further evidencing their reasonableness. Doniger Decl., ¶ 17.

## CONCLUSION

For the reasons set forth above, Better respectfully requests that the Court grant Better attorneys' fees in the amount of $216,494.70.

Dated: December 29, 2023
       New York, New York

Respectfully submitted,

Roberta A. Kaplan
Timothy S. Martin
Kate L. Doniger
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
rkaplan@kaplanhecker.com
tmartin@kaplanhecker.com
kdoniger@kaplanehcker.com

*Counsel for Better Holdco, Inc.*

---

effort to defeat summary judgment, turning what should have been a simple collection effort into a morass of complex civil litigation. *See supra*, at 4-6. In any event, even in a "simple breach of contract case in which the plaintiff sought a judgment by default soon after filing the complaint, [where] the legal issues were not novel or complex," this Court recently awarded fees in the amount of $1,300 for a partner and $800 for a senior associate, which are consistent with those requested here. *Hoiston*, 2021 WL 4952693 at *8.