UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BETTER HOLDCO, INC.,

                  Plaintiff,

-against-

SARAH PIERCE,

                  Defendant.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01/05/2024
```

22 Civ. 9580 (AT)

**ORDER**

ANALISA TORRES, District Judge:

On September 29, 2023, the Court granted Plaintiff, Better Holdco, Inc.'s ("Better") motion for summary judgment (the "Order"), stating that "Better is entitled to judgment in the amount of $2,277,000 plus accrued interest through the date of repayment."[1] Order at 9–10, ECF No. 21. On October 2, 2023, the Court directed Better to file a proposed judgment. ECF Nos. 22–23. Defendant, Sarah Pierce, objected to Better's proposal, ECF No. 29; Better then submitted an amended proposal (the "Proposed Judgment"), ECF Nos. 34, 34-1.

The parties dispute two issues regarding the entry of judgment: (1) how the judgment should indicate that Better cannot proceed against Pierce's personal assets for a portion of the repayment, and (2) how much interest should be charged to Pierce following her June 5, 2022 default (the "Default Interest"). The Court issues this order to resolve the parties' disputes and shall enter judgment by separate order.

**DISCUSSION**

I. <u>The Non-Recourse Portion of the Notes</u>

Better requests that the Court enter judgment as to the entirety of the amount owed, but specify that Pierce has the option to satisfy $1,115,730 of the judgment by returning 220,500

---

[1] The Court assumes familiarity with the Order and adopts the defined terms used therein.

unvested shares to Better.  *See* Proposed Judgment, ECF No. 34-1 ¶ 1.  The Proposed Judgment reflects the Order and the language of the Notes.  The Order stated that "Better is constrained by the terms of the Notes in collecting on the judgment."  Order at 10.  The Notes define a Recourse Portion and a Non-Recourse Portion.[2]  *See* Order at 2.  Pierce "can elect to make payments entirely in cash to satisfy the Notes"—in other words, to repay both the Recourse and Non-Recourse Portions.  Order at 5 n.4.  If Pierce decides to satisfy the Non-Recourse Portion using the unvested shares that she pledged as collateral, Better cannot reject that arrangement and insist on pursuing Pierce's personal assets.  *Id.* at 6 ("Better cannot proceed against Pierce's personal assets to satisfy the Non-Recourse portion of Pierce's debt."); *see* Ro Aff. Ex. A at 7 ¶ 9, ECF No. 14-1 ("[Better]'s recourse with respect to the Non-Recourse Portion shall be limited only to the Pledged Collateral . . . and [Better] shall have no further recourse against [Pierce] or any real, personal, tangible or intangible assets of [Pierce], with respect to the Non-Recourse Portion.").[3]  By contrast, Better may seek Pierce's personal assets in collecting on the Recourse Portion.  Order at 2.  Therefore, as in the Proposed Judgment, judgment shall be entered against Pierce as to the entire principal of the Notes and the interest.  *See* Order at 10.  However, the judgment shall specify that Pierce has the option to satisfy $1,115,730 of the judgment—the Non-Recourse Portion—by returning to Better 220,500 unvested shares.[4]

---

[2] The Recourse Portion is (a) 51 percent of the unpaid principal and (b) any unpaid interest due or compounded under the Notes.  Order at 2.  The Non-Recourse Portion is any indebtedness in excess of the Recourse Portion.  *Id.*
[3] When referring to the Notes in this order and the Order, the Court uses the bottommost page numbers.
[4] Pierce indicates that Better previously sought to condition its acceptance of the unvested shares on Pierce dismissing her separate retaliation lawsuit against Better.  *See* Pierce 56.1 ¶ 20, ECF No. 17.  The Court shall not tolerate any such conditions: Pierce has a right to return her unvested shares to satisfy the judgment.  On the other hand, Pierce argues that Better is required to accept all of Pierce's 268,750 unvested shares and apply any value in excess of the Non-Recourse Portion to the Recourse Portion.  Pierce is incorrect: Better is only obligated to accept the number of unvested shares that satisfy the Non-Recourse Portion, but may proceed against Pierce's personal assets regarding the Recourse Portion, instead of accepting additional unvested shares.  Order at 2.

Pierce also argues that the Court cannot enter a judgment against her that includes the Non-Recourse Portion and that Article 9 of the Uniform Commercial Code ("UCC") bars entry of judgment for Better. *See* ECF No. 29 at 6–9. Such arguments do not address how the judgment should be effected in accordance with the Order; instead, they amount to a request for the Court to reconsider it. A party seeking the "extraordinary remedy" of reconsideration "may neither repeat 'arguments already briefed, considered and decided' nor 'advance new facts, issues or arguments not previously presented to the Court.'" *Ferring B.V. v. Allergan, Inc.*, No. 12 Civ. 2650, 2013 WL 4082930, at *1 (S.D.N.Y. Aug. 7, 2013) (quoting *Schonerger v. Serchuk*, 742 F. Supp. 108, 119 (S.D.N.Y. 1990)). The Court has already rejected Pierce's argument regarding the Non-Recourse Portion, *see* Order at 5–6, and Pierce did not previously raise the UCC issue. Accordingly, the Court shall not reconsider the Order.

II.  Default Interest

The Notes state that "[i]n the event of any failure on the part of Borrower to make any payment when the same is due . . . [u]npaid principal and interest subject to collection will bear interest at the maximum rate allowed under New York law for nonexempt lenders" (the "Default Rate"). Ro Aff. Ex. A at 6 ¶ 6; Ro Aff. Ex. B at 6 ¶ 6. Better, in its proposed judgment, seeks $817,066.09 in total interest: $16,125.87 of pre-default interest, and Default Interest totaling $800,940.22. *See* Proposed Judgment ¶ 2. Better calculated the Default Interest by asserting that the principal of $2,277,000 and the pre-default interest of $16,125.87 both bore interest at a rate of 25% per annum.[5] Pierce argues that Better's calculation of the Default Interest (1) subjects to interest accrual a sum greater than that permitted by the Notes, and (2) uses an interest rate higher than that permitted by the Notes.

---

[5] Better does not explicitly state whether this pre-default interest was included in the amount to which the 25% interest rate was applied, but implies that it is.

3

As to the first issue, the Court agrees with Pierce that Better should not have used the sum of $2,277,000 when calculating the Default Interest.  The Notes state that only the principal "subject to collection" shall bear interest at the Default Rate.  The term "collection," which is not defined in the Notes, is ambiguous.  *See Furnishare, Inc. v. Travelers Property Cas. Co. of Am.*, No. 22 Civ. 2245, 2023 WL 3159682, at *8 (S.D.N.Y. Apr. 27, 2023) ("A contract is unambiguous if the language it uses has a definite and precise meaning, unattended by danger of misconception in the purport of the agreement itself, and concerning which there is no reasonable basis for a difference of opinion." (citation omitted)).  Better contends that the "entirety of the loan balance is 'subject to collection.'"  ECF No. 34 at 4 (quoting the Notes).  But, the Notes specifically constrain Better's ability to collect on the Non-Recourse Portion, stating that, beyond the pledged securities, Better "shall have no further recourse against [Pierce] or any real, personal, tangible or intangible assets of [Pierce], with respect to the Non-Recourse Portion."  Ro Aff. Ex. A. at 7 ¶ 9; Ro Aff. Ex. B at 7 ¶ 9.  Permitting Better to collect interest on the Non-Recourse Portion would allow Better to obtain "real [and] personal . . . assets . . . with respect to the Non-Recourse Portion," thereby circumventing the Notes' prohibition.  Although the Notes do not explicitly preclude this outcome, they do not require this interpretation.  The Court shall construe the ambiguity against Better as the party that drafted the Notes.  *See Judd Burstein, P.C. v. Long*, 180 F. Supp. 3d 308, 312 (S.D.N.Y. 2016) ("New York follows the well-established *contra proferentem* principle which requires that equivocal contract provisions are generally to be construed against the drafter." (citation omitted)).  Therefore, only the Recourse Portion—a sum of $1,161,270—and the pre-default interest shall bear interest at the Default Rate.

However, turning to the Pierce's second issue with the Default Interest, Better's proposed judgment applies the correct interest rate.  New York's civil usury laws cap the interest rate

4

charged by nonexempt lenders at 16%.  *See* N.Y. Gen. Oblig. Law § 5-501; N.Y. Banking Law § 14-a(1).  However, that provision does not apply to loans, such as this one, over $250,000.  *Id.* § 5-501(6)(a); *see* N.Y.P.L. §§ 190.40, 190.42.  Interest, therefore, is capped at the criminal usury rate of 25%.  *See Blue Citi, LLC v. 5Barz Int'l Inc.*, 338 F. Supp. 3d 326, 336 (S.D.N.Y. 2018).

The Court shall enter judgment by separate order.

SO ORDERED.

Dated: January 5, 2024
    New York, New York

_____
ANALISA TORRES
United States District Judge